NOT DESIGNATED FOR PUBLICATION

No. 117,049

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

PHILLIP BAPTIST,
*Appellant*,

v.

SAM CLINE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed October 6, 2017. Affirmed.

*John J. Bryant*, of Bryant Law Office, of Kansas City, for appellant.

*Sherri Price*, special assistant attorney general, of Lansing Correctional Facility, for appellee.

Before ATCHESON, P.J., BUSER, J., and BURGESS, S.J.

PER CURIAM: Phillip Baptist, an inmate at Lansing Correctional Facility, was terminated from his employment and given a verbal reprimand for leaving his workplace in the kitchen without informing a supervisor. After exhausting his administrative remedies, Baptist filed a petition for a writ of habeas corpus, pursuant to K.S.A. 2016 Supp. 60-1501, with the Leavenworth District Court. The district court summarily dismissed Baptist's petition because it did not implicate any deprivation of a liberty interest for which Baptist could obtain relief.

1

We affirm the district court's summary dismissal, finding that Baptist's employment at the prison and receipt of a verbal reprimand do not implicate protected liberty interests or constitute conduct that is shocking to the conscience or fundamentally unfair.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2016, Baptist was employed in the prison's kitchen. One morning he left the kitchen without informing his supervisor. He was given a disciplinary report for the incident, and Aramark, the company operating the kitchen, terminated Baptist's employment. A hearing on the disciplinary report was conducted, and the hearing officer found that it was more likely true than not that Baptist violated K.A.R. 44-12-401(b)—work performance. As a consequence, Baptist was verbally reprimanded for the violation. He brought an administrative appeal and the discipline was affirmed.

On July 18, 2016, Baptist filed a petition for writ of habeas corpus in the Leavenworth District Court. In the petition, Baptist contended he was wrongfully terminated from his employment because his conduct was not in violation of any rule or regulation. The district court summarily dismissed Baptist's petition finding that the inmate had not asserted a deprivation of a constitutionally protected liberty interest that would warrant relief under K.S.A. 2016 Supp. 60-1501.

Baptist moved for reconsideration, arguing that his petition also alleged conduct that was fundamentally unfair. The district court denied Baptist's motion because he had not presented any new or additional authority or arguments to support his contentions. Baptist appeals.

ANALYSIS

On appeal, Baptist contends his termination from employment and resulting disciplinary violation violates principles of fundamental fairness and due process because he was punished for violating a nonexistent rule of employment—not being allowed to leave work without approval of a supervisor.

Summary dismissal of a petition under K.S.A. 2016 Supp. 60-1501 is permissible when, from the face of the petition, it can be established that the petitioner is not entitled to relief, or if the undisputed facts show as a matter of law there is no cause to grant a writ. *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009). To determine if the petitioner has stated a sufficient claim, the district court must accept as true the allegations in the petition and review the allegations, along with the contents of any attachments, to determine if the petition alleges "shocking and intolerable conduct or continuing mistreatment of a constitutional nature." *Schuyler v. Roberts*, 285 Kan. 677, 679, 175 P.3d 259 (2008). When reviewing a summary dismissal, our court exercises unlimited review utilizing the same standard as used in the district court. *Johnson*, 289 Kan. at 648-49.

In order for a petitioner to establish a due process violation, the inmate must make a threshold showing of an improper deprivation of a protected interest without due process of law. *Johnson*, 289 Kan. at 649. Baptist has not met this threshold. The only potential liberty interests that Baptist has asserted in his petition are his right to prison employment and the right to be free of a verbal reprimand.

Employment while incarcerated is not a protected liberty interest for the purpose of due process violations. *Stansbury v. Hannigan*, 265 Kan. 404, 421, 960 P.2d 227 (1998). Moreover, the Supreme Court has found that while states may create liberty interests, these interests are limited to freedom from restraints that impose atypical and

significant hardships on the inmate in relation to the ordinary incidents of prison life. See *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995); *Murphy v. Nelson*, 260 Kan. 589, 600-01, 921 P.2d 1225 (1996). Baptist's termination from prison employment and receipt of a verbal reprimand do not impose an atypical and significant hardship upon him. From our review of the petition and record, Baptist has failed to make the required threshold showing that he was deprived of a protected liberty interest.

Citing *Levier v. State*, 209 Kan. 442, 451, 497 P.2d 265 (1972), Baptist also contends his petition presents a situation that is "of such character or consequence as to shock the conscience or be intolerable to fundamental fairness." The basis for this allegation is that he was punished based upon a nonexistent rule or regulation. But K.A.R. 44-12-401(b) states: "Each inmate shall perform work assigned in the manner prescribed and according to the directives of the inmate's supervisor or other authorized official. *Intentional failure to report to or depart from work at the prescribed time* and without unnecessary delay en route shall be prohibited." (Emphasis added.) This regulation prohibits the conduct for which Baptist claims there is no rule or regulation.

The conduct Baptist complains of is not shocking to the conscience or fundamentally unfair. The case Baptist cites in support of his contention, *Levier*, dealt with two inmates. The first inmate claimed, among other things, that while he was held in administrative segregation he was denied medical treatment, proper diet, and exercise which resulted in adverse health consequences. The second prisoner alleged long-term confinement in segregation without adequate medical treatment, being sprayed with a high-pressure water hose by prison officials, and being forced to sleep without adequate clothing on a flooded concrete floor in an air-conditioned room. Our Supreme Court found these allegations were sufficient to raise concerns of fundamentally unfair treatment which warranted evidentiary hearings on the prisoners' petitions. 209 Kan. at 451. By comparison, Baptist's petition does not raise concerns of shocking conduct or fundamentally unfair treatment that were apparent in *Levier*.

4

In summary, Baptist's petition and record do not present a claim meriting relief under K.S.A. 2016 Supp. 60-1501. Because Baptist was only released from his employment and given a verbal reprimand, he was not denied any protected liberty interest. Moreover, under the circumstances, these consequences are not shocking to the conscience or fundamentally unfair. The district court did not err in summarily denying Baptist's K.S.A. 2016 Supp. 60-1501 petition.

Affirmed.